# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE MIGUEL TREVINO, :
:
    Petitioner, :
:
v. : No. 4:18-CV-1937
:
UNITED STATES OF AMERICA, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### OCTOBER 29, 2018

**I.    BACKGROUND**

This *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 was initiated by Jose Miguel Trevino, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood). Named as Respondent is the United States of America. The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. *See* 28 U.S.C. § 2242. Accordingly, the FCI-Allenwood Warden will be deemed the Respondent in this matter. Petitioner has paid the required filing fee. The petition will be deemed filed.

Trevino plead guilty to charges of conspiracy with intent to deliver five (5) kilograms of cocaine (Count One), conspiracy to use and carry a firearm during

and in relation to a drug trafficking crime (Count Three), and aiding and abetting in the use and carrying of a firearm during and in relation to a drug trafficking crime (Count Four) in the United States District Court for the Southern District of Texas. *See United States v. Trevino*, 547 Fed. Appx. 531, 532 (5th Cir. 2013). On November 6, 2012, Petitioner was sentenced to an aggregate one hundred and eighty (180) month term of confinement. The charges against Trevino stemmed from a conspiracy to commit an armed robbery of a drug stash house.

Following a direct appeal, Petitioner's guilty plea and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on November 18, 2013. *See id.* The appeal argued that there was no evidence to support his conviction on Count Four because "there was no evidence that he undertook any affirmative action to facilitate or encourage the use or carrying of a firearm." *Id*.

Trevino states that he also previously filed a motion with the sentencing court pursuant to Title 28 U.S.C. § 2255 which was denied on June 15, 2015. *See* Doc. 1, ¶ 10. He describes that action as raising allegations pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), alleging sentencing entrapment, and an improper sentence enhancement. *Alleyne* held that any fact that increases the mandatory minimum sentence is an element which must be presented to the jury and proven beyond a reasonable doubt. *See United States v. Winkelman*, 746 F. 3d 134, 136 (3d Cir. 2014). Petitioner notes that his § 2255 action was denied by

the Southern District of Texas on June 15, 2015 and there is no indication that an appeal on that issue was taken.

In Ground One of his pending petition, Trevino claims entitlement to federal habeas corpus because his consecutive sentence on Count Three is illegal and void for vagueness. *See id.* at ¶ 13. He adds that his underlying Hobbs Act robbery is not a violent crime. *See id.* Petitioner's argument relies upon two decisions of the Supreme Court of the United States, *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018) . A supporting memorandum accompanying the petition asserts because Trevino never possessed a firearm and never completed or attempted a robbery, under an extension of *Johnson* to the standards announced in *Dimaya*, his conviction on Ground Three is invalid and his crime is not a violent crime. *See* Doc. 2, p. 2.

Petitioner further suggests that a substantive ruling can be applied retroactively without the Supreme Court first ruling that the decision has retroactive effect. *See id.* p. 4. Trevino suggests that *Dimaya* is automatically retroactive. As relief, he requests that his consecutive sixty (60) month sentence on Count Three be vacated.

## II. DISCUSSION

### A. Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* Civ. No. 4:05-cv-956, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

### B. *Dimaya*

Trevino contends that he may bring his present claim of an unconstitutional sentence via a § 2241 petition before this Court by virtue of his ongoing

detention at FCI-Allenwood. It is well-settled that federal prisoners may challenge the execution of their sentences by initiating actions pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

A federal prisoner challenging the validity of a federal sentence and not its execution is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This particular language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court

does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Trevino is clearly challenging the validity of his guilty plea to Count Three and the resulting sentence in the Southern District of Texas. Thus, he must do so by following the requirements of § 2255. He acknowledges that he previously filed both a direct appeal and a § 2255 action.

The United States Court of Appeals for the Third Circuit has recognized that § 2241 is not the appropriate vehicle to pursue a *Dimaya* based claim. *See Rosello, v. Warden*, *FCI-Allenwood*, 735 Fed. Appx. 766, 768, n. 5. (3d Cir. 2018). Despite Trevino's contention that *Rosello* only has limited application, it is apparent to this Court that his reliance on *Dimaya* in seeking § 2241 relief is misplaced. *See Lindsay v. United States*, 2018 WL 3370635 * 3 (D.N.J. July 10, 2018) (*Dimaya* has not been rendered retroactive to collateral review cases).

Petitioner is not arguing that his conduct is no longer criminal as a result of some change in the law. He has also not shown that he was unable to present his instant claims by way of a second or successive § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in *Pollard v. Cost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal

conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Trevino's pending claim does not fall within the narrow *Dorsainvil* exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As considered in *Cradle*, the fact that Petitioner previously filed a § 2255 action does not warrant a determination that § 2255 is inadequate or ineffective to test the legality of either Petitioner's guilty plea to Count Three or resulting sentence.

In light of the Third Circuit's recent determination that § 2241 was not the appropriate vehicle to pursue a *Dimaya* claim and Trevino's failure to present this Court with any authority to support a determination that any federal court has held that a *Dimaya* based claim such as the one presently raised may be pursued via a § 2241 proceeding, habeas corpus review is not appropriate.

## III. CONCLUSION

In conclusion, Trevino's § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from seeking authorization from the Fifth Circuit to file a second or successive § 2255 petition with respect to any *Dimaya* based argument.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge